SAMUEL S. THORPE, Defendant in Error, v. CHARLES F. WEISMANN, Executor of the Estate of JOHN C. HUBINGER, Deceased, Plaintiff in Error.

St. Louis Court of Appeals. Argued and Submitted May 4, 1910. Opinion Filed May 17, 1910.

1. APPELLATE PRACTICE: Revivor: Foreign Executor: Statute. Where plaintiff in error died, the action could not be revived in the name of his personal representative, a foreign executor, under Laws 1905, page 95, where there was no showing that the laws of the state where deceased died, nor those of the state where the cause of action accrued, authorized such executor to prosecute the action in his name.

2. ———: Appeal from Order Overruling Motion to Tax Costs: Necessity of Bill of Exceptions. Where a bill of exceptions is not filed, exceptions to the action of the trial court in overruling a motion to tax costs are not before the appellate court for review, and the presumption always being in favor of the regularity and correctness of the action of the trial court, its judgment will be affirmed.

Error to Clark Circuit Court.—*Hon Chas. D. Stewart,* Judge,

AFFIRMED.

W. C. Howell and J. S. Tull for plaintiff in error.

W. L. Berkheimer and W. J. Roberts for defendant in error.

REYNOLDS, P. J.—Samuel S. Thorpe, plaintiff below, brought suit against the original defendant, John C. Hubinger, hereafter referred to as defendant, on a certain promissory note, suing out an attachment in aid thereof, under which a certain telephone line in Clark county, this State, was attached as the property of the defendant, he being a non-resident of this State. A receiver was appointed to take charge of the telephone line. Subsequently the suit was dismissed, the attachment being dissolved, and the parties entering into a stipulation, which appears to have been approved by the court and entered up as a judgment in the case. Under this it was adjudged that the plaintiff's petition be dismissed without prejudice, "plaintiff to pay all costs of suit, including the receiver's charges and expenses." Reciting other matters not now material, the judgment concludes with the clause, "defendant's counterclaim is hereby dismissed, the costs, if any, for filing same to be paid by the defendant." Afterwards the defendant filed a motion to tax costs as follows: $134.30 against plaintiff, itemizing it, and $104.51 against defendant, itemizing it. The court, as appears by record entry, on consideration of this motion to tax costs, "having heard the motion and argument of counsel and being duly advised in the premises, finds that the plaintiff has paid all costs taxable to him," enumerating them in a total of $289.15, and adjudges "that all other costs shall be taxed to the defendant. The motion is therefore overruled in so far as it asks for further taxation against the plaintiff.'" Following this is the notation "to which action of the court in overruling said motion to tax

costs, the defendant did then and there at the time except." Following this is the statement that it is "all the record in the case." Defendant sued out a writ of error from this court, directed to the circuit court of Clark county, and having duly served the writ, brought the case here. On motion this court dismissed the writ of error for failure to prosecute, but the death of the defendant below being suggested and it being suggested that one Weismann had been appointed executor of the estate of the defendant by the proper court in the state of Iowa, of which state he was a citizen and resident and where he died, the order of dismissal was set aside and citation issued for revival in the name of the executor. The executor voluntarily appeared, and is now here prosecuting the writ.

It is insisted by the learned counsel for the defendant in error that a foreign executor has no standing in the courts of this State and that the action was improperly revived in the name of the foreign executor and that the writ of error should be dismissed. Counsel for the executor relies upon section 548, Revised Statutes 1899, as that section was amended by the Act of April 12, 1905 (see Acts, 1905, p. 95). That section as amended provides that "whenever any cause of action has accrued under or by virtue of the laws of any other state or territory, and the person or persons entitled to the benefit of such cause of action are not authorized by the laws of such state or territory to prosecute such action in his, her, or their own names, then, in every such case, such cause of action may be brought and prosecuted in any court of this State by the person or persons authorized under the laws of such state or territory to sue in such cases. Such writs may be brought and maintained by the executor, administrator, guardian, guardian *ad litem,* or any other person empowered by the laws of such state or territory to sue

in a representative capacity." We do not think this section, as amended, meets this case. It is true that the note sued on is dated at Minneapolis, Minn., and is there payable. It may be said that the cause of action accrued in the state of Minnesota. We are not informed of the laws of the state of Iowa, where the defendant died, or of those of Minnesota covering the right of action resting in the executor of a defendant in case of the death of the original party, nor whether the executor is authorized by the laws of those states to prosecute the action in his, her, or their own names. If we are to assume that the laws of Iowa or Minnesota are as those of our own State, there would be no question whatever of the right of the executor to maintain this action as executor. Assuming the right of action, however, to be the right to sue out a writ of error, that right originated in this State and not in either Iowa or Minnesota and the section of the statute referred to has no application. It is not, however, necessary to determine this proposition in this case, for the reason that no bill of exceptions having been filed in the case, no exceptions to the action of the court in overruling the motion are before us for review. Even a motion for new trial does not appear to have been filed. While it is true that the stipulation for the dismissal of the case provides that all the taxable costs in the suit are to be paid by plaintiff and that the defendant is to be chargeable only with the costs attendant on and connected with the assertion of the counterclaims which he interposed, we are without any information whatever, by bill of exception, record or otherwise outside of the statement of the defendant himself in his motion, as to what those costs were, and beyond those specified in the order of the court in overruling the motion. For anything that appears in the record, the court has allowed all of the costs contemplated by the agreement as properly taxable against the plaintiff, and the costs which defendant claims he has paid, for anything that is shown

to the contrary, may be the costs connected with the assertion of the counterclaim. There is, therefore, nothing before us in this record by which we can determine that the action of the lower court was reversible error, and the presumption always being in favor of the regularity and correctness of the action of that court, we can do nothing but dismiss this writ of error, which is accordingly done and judgment of circuit court affirmed. All concur.